Gilfillan *v.* Haven et al., Appellants.

Argued April 21, 1947. Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross and Arnold, JJ.

*Robert M. White,* City Solicitor, for appellants.

*James A. Chambers,* with him *Alvah M. Shumaker* and *Chambers, Chambers & O'Neill,* for appellee.

Opinion by Arnold, J., July 17, 1947:

On a bill in equity the court below entered a decree of specific performance of a contract, requiring the city of New Castle and its officers to issue a permit for a connection with the city sewer system. The city and its mayor and councilmen, defendants, appealed.

In 1926 the Community Real Estate Company presented to the city council a written proposal that the

city grant it permission to connect with the city sewer system certain numbered lots outside of, but adjacent to, the city. The real estate company engaged (a) to pay on the foot-front rule as a connection was made; (b) to contribute a proportionate share of the cost of completion of the city's disposal plant then under construction, or any additions thereto; and a proportionate share of the maintenance of the disposal plant and sewer system of the city; these amounts to be determined by the city engineer at the end of each fiscal year, according to a formula. It was also provided that all matters concerning the sewer connections were to be under the supervision of the city engineer, and that no surface water was to be allowed to enter the sewer. The petition provided upon acceptance that all buildings thereafter constructed on the real estate company lands were to conform to the plumbing code, the building code and the zoning ordinance of said city, and under the latter the subdivision was to be a part Class A and part Class B, residential district. The city could take over the sewer system of the subdivision if it became part of the city.

Finally, it was stipulated that if the city accepted the proposal, the successors and assigns of the real estate company, and the subsequent purchaser of each lot, were bound thereby.

The city council passed a formal resolution accepting the written proposal, with permission to connect with the city sewer system for the accommodation of the lots on designated streets of the subdivision, including Delaware Avenue on which was lot No. 82. The petition and the resolution of the city were then recorded in the office of the recorder of deeds.

Two years later the city council granted permission for the construction by the real estate company of a sewer line in its subdivision connecting with the city sewer system. The real estate company spent some $1300 therefor.

The proposal thus accepted provided that in the event of a violation of any of the conditions by the real estate company, *its successors or assigns,* the city could disconnect the sewers from the city system; or it could specifically enforce the contract by a bill in equity; or it could enjoin any use of the real estate by the real estate company or its successors or assigns.

There can be no question that the petition (offer) and the resolution of acceptance constituted an enforcible contract. The mutual promises constituted consideration: *McNemry et ux. v. Bellevue Borough,* 301 Pa. 568, 152 A. 563.

A municipality owns its sewers in its proprietary capacity: *Gemmill v. Calder,* 332 Pa. 281, 283, 3 A. 2d 7; *Hamilton's Appeal,* 340 Pa. 17, 20, 16 A. 2d 32. The contract did not need an ordinance to evidence its adoption, since an ordinance of a third class city need not be published unless it provides a penalty for its violation. See Article VI, section 7, of the Clark Act of 1913, P. L. 568, the effective statute in this case, and section 1015 of the Third Class City Law of 1931, as amended, 53 PS 12198-1015. For the purpose of making this contract, the formal resolution of the council in acceptance thereof was sufficient.

Taxes on the land of the real estate company (including Lot No. 82) became delinquent and were returned to the county treasurer, and the land sold to the county commissioners. In 1945 the present plaintiff bought the land thus sold from the county commissioners. His purchase was made on the faith of the resolution of council accepting the written proposal, both of which were recorded.

In June of the same year the plaintiff made written request to connect Lot No. 82 with the sewer system. It was a part of the tract described in the proposal accepted by the city. He tendered to the city the foot-front assessment of $1.50 per foot, or $49.50, which was the rate

provided for in the contract. He also offered to pay any share of the cost of maintenance of the disposal plant, or any repairs thereto, for which the real estate company, and its successors, had been bound. The city refused the offer.

The tax sale did not extinguish the plaintiff's right: *Tide Water Pipe Co. v. Bell,* 280 Pa. 104, 117, 124 A. 351, in which the Supreme Court stated: "We therefore hold that if land is sold for taxes, an easement, servitude or interest *in the nature of an easement,* is not destroyed, but the purchaser takes subject thereto. It is the 'estate and interest . . . [of] the real owner or owners' of the land sold, which passes by the sale, and not some other estate or interest, which the 'real owner or owners' did not have." (Emphasis supplied). See also *Miller et al. v. Lutheran Conference and Camp Association,* 331 Pa. 241, 249, 200 A. 646.

Since the plaintiff-landowner remained bound by the covenants that any buildings constructed should conform to the plumbing, building and zoning codes of the city, the city likewise remained bound by its covenants as to the sewer connections. Under the terms of the contract the real estate company, *its successors and assigns,* were bound to the city. Likewise the city covenanted that the sewer connections would be available to the real estate company and its successors and assigns.

The court below found as a fact, unexcepted to, that the sewer connection to plaintiff's lot No. 82, together with four additional lot connections, would cause but a negligible increase in the sewage, and would not increase any unsanitary condition, and further that the city had work in progress to make its sewer system more adequate.

Decree affirmed at cost of appellants.